IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TAMELA WINGARD, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>SPRINT CORPORATION, successor to )<br>U.S. UNWIRED, INC. )<br>)<br>    Defendant. ) | Civil Action No.<br>2:06-CV-604-WKW |

## ANSWER

Defendant U.S. Unwired, Inc. ("U.S. Unwired"), which is incorrectly identified in the Complaint as "Sprint Corporation, successor to U.S. Unwired, Inc.," responds to the Plaintiff's Complaint as follows:

### JURISDICTION AND VENUE

1.      The allegations of the first sentence of Paragraph 1 are jurisdictional only and require no response. To the extent any response to the first sentence of Paragraph 1 is necessary, U.S. Unwired admits that the Plaintiff seeks the relief described in the first sentence of Paragraph 1, but denies that the Plaintiff is entitled to that or any other relief. The allegations of the second sentence of Paragraph 1 are denied.

2.      Admitted that venue is proper. Except as explicitly admitted, the allegations of Paragraph 2 are denied.

3.      Admitted that the Equal Employment Opportunity Commission issued a Dismissal and Notice of Rights on April 3, 2006. U.S. Unwired denies that the Plaintiff brings any claims under the ADEA and denies that the Plaintiff has satisfied administrative conditions prerequisite to bringing any such claim. U.S. Unwired lacks

1

knowledge and information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 3 and, therefore, denies the same.

## PARTIES

4. Admitted that the Plaintiff is over the age of 19 years, female and a citizen of the United States. U.S. Unwired lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 4 and, therefore, denies the same.

5. Admitted that U.S. Unwired operated a wireless telephone company operating in Montgomery County, Alabama, among other places, at all times material hereto and that the Plaintiff's employer was U.S. Unwired. Further admitted that all stock of U.S. Unwired was bought by Sprint Nextel Corporation. Except as explicitly admitted, the allegations of Paragraph 5 are denied.

## NATURE OF PROCEEDINGS

6. Admitted that the Plaintiff seeks the relief described in Paragraph 6, but denied that the Plaintiff is entitled to that or any other relief.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

## ALLEGED FACTS

12. U.S. Unwired restates its responses to Paragraphs 1 - 11.

13. Admitted.

14. Admitted that the Plaintiff was hired in July 2002 as a District Manager over the defendant's Retail and Indirect Markets in Montgomery and Tuscaloosa, Alabama. Except as explicitly admitted, the allegations of Paragraph 14 are denied.

15. Admitted that, at the time of her termination, the Plaintiff was responsible for Business Sales for Georgia, Alabama and Florida. Except as explicitly admitted, the allegations of Paragraph 15 are denied.

16. Denied that Mike Bennet criticized the Plaintiff for any report to Human Resources. U.S. Unwired lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 16 and, therefore, denies the same.

17. Admitted.

18. Denied.

19. U.S. Unwired lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 19 and, therefore, denies the same.

20. U.S. Unwired lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 20 and, therefore, denies the same.

21. Admitted that the Plaintiff received a poor year-end review and a disciplinary write-up for her poor performance in or around January 2004. Except as explicitly admitted, the allegations of Paragraph 21 are denied.

22. Admitted.

23. Denied that decisions attributed to the Plaintiff were made by David Wooton. U.S. Unwired lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 23 and, therefore, denies the same.

24.     Admitted that the Plaintiff did not tender her resignation. U.S. Unwired lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 24 and, therefore, denies the same.

25.     The allegations of the first sentence of Paragraph 25 are admitted. The allegations of the second sentence of Paragraph 25 are denied.

26.     Admitted that the Plaintiff was assigned to Business Sales for Georgia, Alabama and Florida. Except as explicitly admitted, the allegations of Paragraph 26 are denied.

27.     U.S. Unwired lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 27 and, therefore, denies the same.

28.     Admitted that David Wooten had been a vice president over Business Sales and Indirect Channels. Except as explicitly admitted, the allegations of Paragraph 28 are denied.

29.     U.S. Unwired lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 29 and, therefore, denies the same.

30.     Admitted that, during the February 2004 review period, the Plaintiff completed reviews for employees who reported directly to her, and that David Wooton completed reviews for employees who reported directly to him, some of whom were male. Further admitted that some males received higher salary increases than some females based on their performance. Except as explicitly admitted, the allegations of Paragraph 30 are denied.

31.     U.S. Unwired lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 31 and, therefore, denies the same.

32. U.S. Unwired lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 32 and, therefore, denies the same.

33. Admitted that David Wooton did not present the Plaintiff with a mid-year review in August 2004. Except as explicitly admitted, the allegations of Paragraph 33 are denied.

34. The allegations of the first sentence of Paragraph 34 are admitted. The allegations of the second sentence of Paragraph 34 are denied.

35. U.S. Unwired lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 35 and, therefore, denies the same.

36. U.S. Unwired lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 36 and, therefore, denies the same.

37. U.S. Unwired lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 37 and, therefore, denies the same.

38. U.S. Unwired lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 38 and, therefore, denies the same.

39. Denied.

40. Admitted that the Plaintiff received a poor review and a write-up in January 2005. U.S. Unwired lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 40 and, therefore, denies the same.

41. Admitted that the Plaintiff complained to Marcy Hines at U.S. Unwired's corporate headquarters in Lake Charles, Louisiana about the poor review, write-up and

terms given to her by David Wooton. Except as explicitly admitted, the allegations of Paragraph 41 are denied.

42. Denied.

43. Admitted that the Plaintiff's employment was terminated on February 2, 2005 due to her ongoing poor performance, including unacceptable quota attainment. Except as explicitly admitted, the allegations of Paragraph 43 are denied.

44. Denied.

45. Admitted that the Plaintiff's employment was terminated. Except as explicitly admitted, the allegations of Paragraph 45 are denied.

46. Admitted.

47. Admitted that the stock of U.S. Unwired was purchased by Sprint Nextel Corporation. Except as explicitly admitted, the allegations of Paragraph 47 are denied.

**CAUSES OF ACTION**

48. U.S. Unwired restates its responses to Paragraphs 1 – 47.

**COUNT I – ALLEGED SEX DISCRIMINATION (42 U.S.C. § 2000e)**

49. Admitted.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Admitted that the Plaintiff's employment was terminated due to her ongoing poor performance, including unacceptable quota attainment. Except as explicitly admitted, the allegations of Paragraph 54 are denied.

55. U.S. Unwired lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 55 and, therefore, denies the same.

56. Admitted that the Plaintiff's employment was terminated. Except as explicitly admitted, the allegations of Paragraph 56 are denied.

U.S. Unwired denies that the Plaintiff is entitled to the relief requested in her Prayer for Relief or to any other relief. In further defense, U.S. Unwired avers:

### FIRST DEFENSE

The Plaintiff's Complaint, in whole or in part, fails to state a claim on which relief may be granted.

### SECOND DEFENSE

U.S. Unwired avers that there has been insufficiency of process.

### THIRD DEFENSE

U.S. Unwired avers that there has been insufficiency of service of process.

### FOURTH DEFENSE

The Plaintiff cannot establish a *prima facie* case of discrimination.

### FIFTH DEFENSE

The challenged employment decisions were based on legitimate, nondiscriminatory reasons that were not pretextual.

### SIXTH DEFENSE

U.S. Unwired would have taken the same actions regardless of any alleged improper or impermissible motive.

### SEVENTH DEFENSE

The Plaintiff's claims are barred to the extent that she failed to satisfy all administrative conditions precedent to filing an action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

### EIGHTH DEFENSE

The Plaintiff is estopped and barred from alleging in this action all matters which are not the subject of a timely charge of discrimination filed with the U.S. Equal Employment Opportunity Commission.

### NINTH DEFENSE

The Plaintiff's claims, or some of them, are barred by the doctrine of laches.

### TENTH DEFENSE

The Plaintiff's claims, in whole or in part, are barred by waiver and/or estoppel.

### ELEVENTH DEFENSE

The Plaintiff's claims are barred by her failure to mitigate damages, if any.

### TWELFTH DEFENSE

The Plaintiff's claims for equitable relief are barred by her "unclean hands."

### THIRTEENTH DEFENSE

The Plaintiff's claim for punitive damages is barred because U.S. Unwired did not authorize or ratify any allegedly discriminatory or retaliatory acts and was not reckless in hiring the employee or employees who committed the allegedly discriminatory or retaliatory acts.

### FOURTEENTH DEFENSE

The Plaintiff's claim for punitive damages is barred by U.S. Unwired's good faith efforts to comply with Title VII and other anti-discrimination and anti-retaliation statutes.

### FIFTEENTH DEFENSE

The Plaintiff has not alleged or established sufficient facts to constitutionally permit or entitle her to recover punitive damages.

### SIXTEENTH DEFENSE

Subjecting U.S. Unwired to punitive damages or affirming an award of punitive damages would violate the U.S. Constitution and the Alabama Constitution.

### SEVENTEENTH DEFENSE

To the extent that U.S. Unwired discovers during the course of this action that the Plaintiff engaged in any conduct that would have warranted discharge under company policy, the Plaintiff's right to recover damages beyond the date of that discovery will be cut off.

### EIGHTEENTH DEFENSE

The imposition of punitive damages would violate the Fourth, Fifth, Sixth, Eighth and/or Fourteenth Amendments to the United States Constitution because: (a) the standard of liability for punitive damages is inadequate, unduly vague and subjective, permitting random, arbitrary, capricious, excessive, and/or disproportionate punishment that serves no legitimate governmental interests; (b) there is an absence of the same procedural safeguards accorded to defendants in criminal proceedings, including the "reasonable doubt" burden of proof; and (c) there are inadequate standards and procedures for reviewing awards of punitive damages.

### NINETEENTH DEFENSE

U.S. Unwired incorporates by reference all defenses made available under any applicable statutory and common law relating to limitations on punitive damages.

## TWENTIETH DEFENSE

U.S. Unwired avers that this action, in whole or in part, is frivolous, unreasonable and groundless, and accordingly, U.S. Unwired is entitled to recover its attorney's fees and other costs associated with the defense of this action.

                                                    s/Fern H. Singer
                                                    Fern H. Singer (ASB- 0061-I67J)
                                                    fsinger@bakerdonelsom.com

                                                    s/Jennifer F. Swain
                                                    Jennifer F. Swain (ASB-7761-I67J)
                                                    jswain@bakerdonelson.com

                                                    Attorneys for Defendant,
                                                    U.S. Unwired, Inc.

**OF COUNSEL:**
BAKER, DONELSON, BEARMAN, CALDWELL
      & BERKOWITZ, P.C.
420 20th Street North
Suite 1600, Wachovia Tower
Birmingham, Alabama  35203
(205) 328-0480
(205) 322-8007 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2006 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Jay Lewis, Esq.
LAW OFFICES OF JAY LEWIS, LLC
P.O. Box 5059
Montgomery, AL 36103
J-Lewis@JayLewisLaw.com

                                                    s/Jennifer F. Swain
                                                    Jennifer F. Swain (ASB-7761-I67J)
                                                    One of the Attorneys for Defendant,
                                                    U.S. Unwired, Inc.